## AUBURN–DALLAS CO. v. F. DEL RIO C. et al.

### No. 8853.

Court of Civil Appeals of Texas. San Antonio.

June 1, 1932.

Rehearing Denied June 22, 1932.

Nowlin Randolph, of San Antonio, for appellant.

Terrell, Davis, Hall & Clemens, T. F. Weiss, A. V. Knight, and W. C. Davis, all of San Antonio, for appellees.

FLY, C. J.

This suit was instituted by appellant against F. Del Rio C., as a garnishee, the writ being issued to ascertain if he was indebted to Courand-Hess-Needham Company, Incorporated, or had in his possession any effects belonging to said corporation. He answered that he owed the corporation $757.27. The Finance Corporation of America intervened in the suit, claiming that the amount admitted to be due to Courand-Hess-Needham, Inc., was not due to that corporation but to the intervener, who had obtained the debt from that corporation. The original corporation was made a party by the garnishee.

The suit began in the Thirty-Seventh district court and was then transferred to the Fifty-Seventh district court, where it was tried. The court decided that the garnishee did not owe Courand-Hess-Needham the money, but owed it to the Finance Corporation, and judgment was rendered that appellant take nothing against the garnishee, and that the Finance Corporation of America recover the $757.27, which had been deposited in the court by the garnishee, and that appellant pay all costs, including $50 for attorney's fee paid by the garnishee.

The facts show that the garnishee was indebted to Courand-Hess-Needham, Inc., in the sum of $757.27; before the writ of garnishment was issued the last-named company made a transfer, in good faith, to the Finance Corporation, of the amount of the debt owed to it by the garnishee; and at the time the writ of garnishment was served garnishee did not owe any sum to Courand-Hess-Needham, Inc., but the debt was due to the Finance Corporation of America. The transfer was at once recorded.

Under this state of facts the first proposition, which questions the sufficiency of the facts to sustain the judgment, is overruled.

The second proposition is without merit and is overruled. The evidence showed that the debt against the garnishee was transferred in writing to the Finance Corporation, and there is no evidence of fraud or bad faith. When the garnishment was served the debt was due the Finance Corporation. The transfer was properly made, and recorded.

None of the propositions are well taken and all will be overruled.

The judgment is affirmed.